UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GRYPHON NETWORKS CORP.,<br><br>                       Plaintiff,<br><br>v.<br><br>CONTACT CENTER COMPLIANCE CORP.,<br><br>                       Defendant. | CIVIL ACTION |

## COMPLAINT AND JURY DEMAND

Plaintiff Gryphon Networks Corp. ("Gryphon") for its Complaint for patent infringement against Defendant Contact Center Compliance Corp. ("CCCC") alleges as follows:

## THE PARTIES

1. Plaintiff Gryphon is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Norwood, Massachusetts.

2. Upon information and belief, Defendant Contact Center Compliance Corporation is a corporation organized and existing under the laws of the State of California with its principal place of business located in Santa Rosa, California.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* This Court has jurisdiction over the subject matter of the claims asserted in this action under 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

5. Gryphon is in the business of contact governance solutions, by developing and selling systems for compliance, privacy, and preference management for phone, text, fax, email and mail marketing channels. In particular, Gryphon develops and sells systems for compliance with state, federal, and international Do-Not-Call restrictions.

6. Gryphon is the owner of United States Patent No. 6,130,937 (the '937 patent), which was duly and legally issued by the United States Patent and Trademark Office on October 10, 2000, for an invention entitled "System and Process for Automatic Storage, Enforcement and Override of Consumer Do-Not-Call Requests." (Copy attached as *Exhibit A*).

7. The '937 patent grants Gryphon the exclusive right to make, use, offer for sale, and/or sell systems for automatic enforcement and update of a Do-Not-Call database incorporating the inventions disclosed therein.

8. Defendant makes and sells Do-Not-Call dial protection systems that offer enforcement and real-time updates to a Do-Not-Call database, including without limitation its SmartBlock product.

9. Upon information and belief, Defendant regularly transacts business in the Commonwealth of Massachusetts and in this judicial district by, among other things, the offer for sale and sale of systems that meet the limitations set forth in the claims of the '937 Patent, including without limitation its SmartBlock product.

10. Upon information and belief, Defendant's infringement of the '937 Patent has been knowingly and willfully committed.

## COUNT ONE - INFRINGEMENT OF THE '937 PATENT

11. Gryphon hereby realleges the allegations contained in paragraphs 1 through 10 of the Complaint as though fully set forth herein.

A/73291307.4

12. This action arises under the United States Patent Laws, Title 35, United States Code.

13. The '937 patent was validly issued by the United States Patent and Trademark Office and is valid and enforceable.

14. Defendant manufactures, imports, uses, sells, and/or offers for sale products or services throughout the United States that infringe one or more claims of the '937 patent literally or under the doctrine of equivalents. By its acts, Defendant is also inducing others to infringe the '937 patent and contributing to the infringement by others of the '937 patent.

15. Gryphon has been irreparably harmed and monetarily damaged by Defendant's infringement of the '937 patent. If Defendant's infringement is not permanently enjoined, Gryphon will continue to be irreparably harmed and monetarily damaged.

16. Upon information and belief, Defendant has been and is aware of the '937 patent and Defendant's infringement has been and continues to be in total disregard of Gryphon's exclusive rights under the '937 patent.

17. Upon information and belief, Defendant's infringement is deliberate and willful. This is an exceptional case warranting an award of treble damages to Gryphon under 35 U.S.C. § 284 and an award of its reasonable attorneys' fees and costs for the maintenance of this action under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Gryphon prays that this Court enter judgment as follows:

A. Judgment that Defendant and those in privity therewith have infringed U.S. Patent No. 6,130,937;

B. Judgment that Defendant's infringement of U.S. Patent No. 6,130,937 was willful;

C. Award Gryphon compensatory damages and prejudgment interest thereof for Defendant's acts of infringement of U.S. Patent No. 6,130,937;

D. Award treble damages for willful infringement of U.S. Patent No. 6,130,937;

E. Permanently enjoin Defendant from further infringement of U.S. Patent No. 6,130,937;

F. Judgment that this is an exceptional case under 35 U.S.C. § 285 warranting an award of Gryphon's attorneys' fees; and

G. Award Gryphon its costs, expenses and such other relief as are deemed just and equitable.

## JURY DEMAND

Gryphon demands a trial by jury on all matters and issues triable by a jury.

                                         **GRYPHON NETWORKS CORP.,**

                                         By its attorneys,

                                         /s/ Joshua M. Dalton
                                         Joshua M. Dalton (BBO #636402)
                                         Lawrence T. Stanley, Jr. (BBO #657381)
                                         **BINGHAM MCCUTCHEN LLP**
                                         One Federal Street
                                         Boston, MA  02110
                                         617.951.8000

Dated: February 16, 2010