## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GRYPHON NETWORKS CORP.,<br><br>       Plaintiff,<br><br>v.<br><br>CONTACT CENTER COMPLIANCE CORP. and<br>DAVID KEIM,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     C.A. No. 10-10258 |

### ANSWER OF CONTACT CENTER COMPLIANCE CORP. AND COUNTERCLAIMS TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Contact Center Compliance Corp. ("CCCC"), by and through its undersigned counsel, answers the Amended Complaint as follows:

### THE PARTIES

1.      Defendant admits that Gryphon Networks Corp. ("Gryphon") is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located in Norwood, Massachusetts.

2.      Defendant admits that CCCC is a California corporation with its principal place of business located in Santa Rosa, California.

3.      Defendant admits that, upon information and belief, Keim maintains a residence in Roswell, Georgia.

### JURSIDICTION AND VENUE

4.      Defendant admits that Gryphon purports to bring claims against the Defendant under the patent laws of the United States, Title 35 of the United States Code,

for which jurisdiction is based on 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly

admitted Defendant denies each and every other allegation of ¶ 4.

5.     Defendant is without knowledge or information sufficient to form a belief

as to the truth of the allegations of ¶ 5, and they are therefore denied.

6.     Defendant denies that it has committed any acts violating any rights of

Gryphon on which venue, as alleged, is dependent and the allegations of ¶ 6 are therefore

denied.

7.     Defendant admits that a document entitled Employee Confidentiality,

Inventions, and Non-Competition Agreement ("Agreement") is attached to the Complaint

and that it contains the excerpts quoted in ¶ 7 of the Amended Complaint, and further

answering, states that the Agreement speaks for itself.  Defendant is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations of ¶

7, and therefore denies them.

## FACTUAL BACKGROUND

8.     Defendant admits that Gryphon purports to be in the business of contact

governance solutions.  Defendant is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations of ¶ 8, and therefore denies them.

9.     Defendant admits that Gryphon sells a product named Call Advisor.

Defendant is without knowledge or information sufficient to form a belief as to the truth

of the remaining allegations of ¶ 9, and therefore denies them.

10.     Defendant admits that on December 10, 2000 the United States Patent

Office issued U.S. Patent No. 6,130,937 ("the '937 patent"), entitled "System and Process

for Automatic Storage, Enforcement and Override of Consumer Do-Not-Call Requests"
to Keith Alan Fotta and that a copy of the '937 patent is attached to the Amended
Complaint.  Defendant denies that the '937 patent was duly and legally issued.
Defendant is without knowledge or information sufficient to form a belief as to the truth
of the remaining allegations of ¶ 10, and therefore denies them.

11.     Defendant is without knowledge or information sufficient to form a belief
as to the truth of the allegations of ¶ 11, and therefore denies them.

12.     Defendant admits that it makes Do-Not-Call dial protection systems for
call centers, including its SmartBlock™ product.  Defendant is without knowledge or
information sufficient to form a belief as to the truth of the remaining allegations of ¶ 12,
and therefore denies them.

13.     Defendant is without knowledge or information sufficient to form a belief
as to the truth of the allegations of ¶ 13, and therefore denies them.

14.     Defendant admits that CCCC has conducted a nominal percentage of its
business in Massachusetts, but denies that it has "regularly" conducted business in this
judicial district.  Defendant is without knowledge or information sufficient to form a
belief as to the truth of the remaining allegations of ¶ 14, and therefore denies them.

15.     Denied.

16.     Upon information and belief, Defendant admits the allegations of ¶ 16.

17.     Defendant is without knowledge or information sufficient to form a belief
as to the truth of the allegations of ¶ 17, and therefore denies them.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 18, and therefore denies them.

19.     Defendant admits that the purported Agreement contains the excerpts quoted in ¶ 19 of the Amended Complaint, and further answering, states that the Agreement speaks for itself.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶ 19, and therefore denies them.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 20, and therefore denies them.

21.     Defendant admits that the purported Agreement contains the excerpts quoted in ¶ 21 of the Amended Complaint, and further answering, states that the Agreement speaks for itself.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶ 21, and therefore denies them.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 22, and therefore denies them.

23.     Defendant admits that the purported Agreement contains the excerpts quoted in ¶ 23 of the Amended Complaint, and further answering, states that the Agreement speaks for itself.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶ 23, and therefore denies them.

24.     Defendant admits that the purported Agreement contains the excerpts quoted in ¶ 24 of the Amended Complaint, and further answering, states that the Agreement speaks for itself.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶ 24, and therefore denies them.

25.     Defendant admits that the purported Agreement contains the excerpts quoted in ¶ 25 of the Amended Complaint, and further answering, states that the Agreement speaks for itself.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶ 25, and therefore denies them.

26.     Defendant admits that the purported Agreement contains the excerpts quoted in ¶ 26 of the Amended Complaint, and further answering, states that the Agreement speaks for itself.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶ 26, and therefore denies them.

27.     Defendant admits that the purported Agreement contains the excerpts quoted in ¶ 27 of the Amended Complaint, and further answering, states that the Agreement speaks for itself.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶ 27, and therefore denies them.

28.     Defendant admits that the purported Agreement contains the excerpts quoted in ¶ 28 of the Amended Complaint, and further answering, states that the Agreement speaks for itself.  Defendant is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations of ¶ 28, and therefore denies them.

29.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 29, and therefore denies them.

30.     Defendant admits that Keim is performing services for CCCC as a Director of Sales.  Defendant denies that Keim is an employee of CCCC.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶ 30, and therefore denies them.

31.     Defendant admits that Keim is marketing products and services for CCCC, including CCCC's SmartBlock™  system.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶ 31, and therefore denies them.

32.     Defendant admits that Keim has been in contact with some customers he contacted while working for previous employers, including Gryphon, but denies the remaining allegations of ¶ 32.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Defendant admits that Keim did not provide CCCC with a copy of the Agreement.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶ 37, and therefore denies them.

38.     Denied.

39.     Defendant admits that Gryphon sent Keim a letter on February 16, 2010 and admit that a copy of the letter was sent to Michael Kovatch, CEO of CCCC. Defendant admits that a copy of the Agreement was attached to the letter.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶ 39, and therefore denies them.

40.     Defendant admits that Keim is performing services for CCCC.  Defendant denies that Keim is employed by CCCC.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶ 40, and therefore denies them.

41.     Denied.

## COUNT ONE-INFRINGEMENT OF THE '937 PATENT
## (Against CCCC)

42.     Defendant incorporates its responses to paragraphs 1 through 41 as though fully set forth herein.

43.     Defendant admits that the Complaint purports to bring an action arising under the United States Patent Laws, Title 35, United States Code, but denies that Gryphon has any viable claim thereunder.

44.     Denied.

45.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶ 45, and therefore denies them.

46.     Denied.

47.     Denied.

48.     Denied.

## COUNT TWO-BREACH OF CONTRACT
### (Against Keim)

49.     Defendant incorporates its responses to paragraphs 1 through 48 as though fully set forth herein.

50.     The allegations of ¶ 50 are directed to a party other than CCCC, and a response by CCCC is therefore not required.  To the extent a response is required, the allegations are denied.

51.     The allegations of ¶ 51 are directed to a party other than CCCC, and a response by CCCC is therefore not required.  To the extent a response is required, the allegations are denied.

52.     The allegations of ¶ 52 are directed to a party other than CCCC, and a response by CCCC is therefore not required.  To the extent a response is required, the allegations are denied.

## COUNT THREE-BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### (Against Keim)

53.     Defendant incorporates its responses to paragraphs 1 through 52 as though fully set forth herein.

54.     The allegations of ¶ 54 are directed to a party other than CCCC, and a response by CCCC is therefore not required.  To the extent a response is required, the allegations are denied.

55.     The allegations of ¶ 55 are directed to a party other than CCCC, and a response by CCCC is therefore not required.  To the extent a response is required, the allegations are denied.

56.     The allegations of ¶ 56 are directed to a party other than CCCC, and a response by CCCC is therefore not required.  To the extent a response is required, the allegations are denied.

57.     The allegations of ¶ 57 are directed to a party other than CCCC, and a response by CCCC is therefore not required.  To the extent a response is required, the allegations are denied.

## COUNT FOUR-INTERFERENCE WITH CONTRACT
### (Against CCCC)

58.     Defendant incorporates its responses to paragraphs 1 through 57 as though fully set forth herein.

59.     Denied.

60.     Denied.

## COUNT FIVE-DECLARATORY JUDGMENT
### (Against CCCC and Keim)

61.     Defendant incorporates its responses to paragraphs 1 through 60 as though fully set forth herein.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

## COUNT SIX-INJUNCTIVE RELIEF
### (Against CCCC and Keim)

67.     Defendant incorporates its responses to paragraphs 1 through 66 as though fully set forth herein.

68.     The allegations of ¶ 68 are directed to a party other than CCCC, and a response by CCCC is therefore not required.  To the extent a response is required, the allegations are denied.

69.     Denied.

70.     Denied.

71.     Denied.

## PRAYER FOR RELIEF

The Defendant denies that Gryphon is entitled to any of the relief sought in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

Without altering the burden of proof, the defendant asserts the following defenses, which are based upon an investigation that is not complete and prior to the results of any discovery from Gryphon.  The defendant's investigation of its defenses is continuing, and the defendant reserves the right to assert all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States and any other defense, at law or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

## FIRST AFFIRMATIVE DEFENSE
### (Patent Invalidity)

Upon information and belief, the '937 patent is invalid because it fails to meet the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

The Agreement is not enforceable because it is unduly broad in duration, scope, and territory.

## FOURTH AFFIRMATIVE DEFENSE

The Agreement is not enforceable because the information Plaintiff seeks to protect is not confidential and does not constitute trade secrets.

## FIFTH AFFIRMATIVE DEFENSE

The Agreement is not enforceable against Keim, a Georgia resident, or CCCC, a California corporation, because the Agreement violates the law and public policy of those states.

## SIXTH AFFIRMATIVE DEFENSE

The Agreement fails for lack of consideration.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed for improper venue.

## NINTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over the Defendant.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff's Claims are barred by the doctrine of novation.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's Claims arising out of the Agreement must be severed from the remaining claims because they do not arise out of the same transaction or occurrence and common questions of law and fact do not exist.

## COUNTERCLAIMS

The Defendant asserts the following counterclaims against Gryphon:

## NATURE OF THE ACTION

1.      This is an action for declaratory judgment of non-infringement and invalidity, arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

2.      CCCC also brings an action for declaratory judgment regarding the invalidity and/or unenforceability of the Agreement purportedly signed by defendant David Keim.

## THE PARTIES

3.      CCCC is a corporation organized and existing under the laws of the State of California, with its principal place of business in Santa Rosa, California.

4.      Upon information and belief, Gryphon is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Norwood, Massachusetts.

5.      Upon information and belief, Gryphon is the owner of United States Patent No. 6,130,937 (the "'937 patent").

6.      This Court has subject matter jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

7.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## COUNT I-DECLARATORY JUDGMENT
### (Invalidity)

8.      The allegations of paragraphs 1-7 of this Counterclaim are incorporated by reference as though set forth in full herein.

9.      The '937 patent is invalid because it fails to meet the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

10.     On February 24, 2010, Gryphon filed its Amended Complaint in this Court.  In its Amended Complaint, Gryphon charges CCCC with infringement of the '937 patent.

11.     CCCC is entitled to declaratory judgment that the '937 patent is invalid.

## COUNT II- DECLARATORY JUDGMENT

### (Unenforceability and/or Invalidity of the Agreement)

12.      The allegations of paragraphs 1-11 of this Counterclaim are incorporated by reference as though set forth in full herein.

13.     Gryphon has asserted that defendant Keim is bound by the Agreement which is attached to Gryphon's Complaint, and that CCCC has interfered with Gryphon and Keim's Agreement.

14.     The Agreement purports to contain restrictive covenant obligations including a non-competition covenant, a non-solicitation covenant, and non-recruitment covenants.

15.     The restrictive covenants contained in the Agreement are unreasonable in their duration, territory, and scope and are therefore illegal, unconstitutional, and unenforceable under California law, where CCCC is located.

16.     Although the Agreement calls for the application of Massachusetts law, to the extent this Court determines that these restrictions are enforceable under Massachusetts law, application of that law would be contrary to the public policy of California.

17.     Because CCCC is a California corporation and because the significant majority of CCCC's business has occurred outside of Massachusetts, California has a materially greater interest than Massachusetts in the determination of the validity of and interference with the Agreement.

18.     In the absence of the forum selection clause contained in the Agreement, the laws of a state other than Massachusetts would govern the parties' dispute.

19.     An actual and substantial controversy exists between the parties with respect to the validity and enforceability of the Agreement and therefore with respect to the liability of CCCC, a corporation with a principal place of business in California, a state which has a fundamental policy against the enforcement of restrictive covenants and a materially greater interest in the outcome of this litigation than Massachusetts.

20.     CCCC is entitled to a judgment determining that the Agreement is invalid and/or unenforceable such that CCCC is not liable for interference therewith.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant and Counterclaim Plaintiff, CCCC, prays that this Court:

a.      deny Plaintiff any relief whatsoever on its claims and dismiss Plaintiff's Complaint with prejudice;

b.      declare that the '937 patent has not been infringed by CCCC;

c.      declare that the '937 patent is invalid;

d.      declare that this case is exceptional under 35 U.S.C. § 285 and that CCCC be awarded costs, expenses and attorneys' fees incurred herein;

e.      declare that the Employee Confidentiality, Inventions, and Non-Competition Agreement is invalid and/or unenforceable such that CCCC cannot be liable for interference therewith; and

f.      enter judgment for Defendant on all counts and award CCCC such other and further relief to which it is entitled, in law or equity, as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

The defendant demands a trial by jury on all issues presented herein.

Respectfully submitted,

CONTACT CENTER COMPLIANCE
CORP.

By their attorneys:

_____/s/ Christopher M. Morrison_____

Karen A. Whitley (BBO# 564742)

Christopher M. Morrison (BBO# 651335)

HANIFY & KING, Professional
Corporation

One Beacon St., 21st floor

Boston, Massachusetts 02108

(617) 423-0400

kaw@hanify.com; cmm@hanify.com

Edward A. Pennington (pro hac vice)

Sid Pandit (pro hac vice)

HANIFY & KING, P.C.

1055 Thomas Jefferson St., N.W., Suite 400

Washington, D.C. 20007

(202) 403-2100

eap@hanify.com; svp@hanify.com

Dated:  March 17, 2010

<u>Certificate of Service</u>

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants on March 17, 2010.

<u>/s/ Christopher M. Morrison</u>

Christopher M. Morrison

556082