## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GRYPHON NETWORKS CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 10-10258 |
| ) | |
| CONTACT CENTER COMPLIANCE CORP. and ) | |
| DAVID KEIM, ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF DAVID KEIM AND
## COUNTERCLAIMS TO PLAINTIFF'S AMENDED COMPLAINT

Defendant David Keim ("Keim" or "Defendant Keim"), by and through his undersigned counsel, answers the Amended Complaint filed by the Plaintiff Gryphon Networks Corp. ("Plaintiff" or "Gryphon") as follows:

**Responding to allegations contained in "THE PARTIES"**

1. Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 such that those allegations must be denied.

2. Defendant Keim admits that Defendant Contact Center Compliance Corp.'s ("CCCC") principal place of business is located in Santa Rosa, California, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 such that those allegations must be denied.

3. Admitted.

**Responding to allegations contained in "JURISDICTION AND VENUE"**

4. Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 such that those allegations must be denied.

5. Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 such that those allegations must be denied.

6. Denied.

7. Defendant Keim admits that there is an agreement attached to the Complaint and titled "Employee Confidentiality, Inventions, and Non-Competition Agreement" that contains the excerpts quoted in paragraph 7 of the Amended Complaint. Defendant Keim further responds by neither admitting nor denying the remaining allegations contained in paragraph 7, but rather states that the language of the attached agreement speaks for itself.

## Responding to allegations contained in "FACTUAL BACKGROUND"

8. Admitted.

9. Defendant Keim admits that Gryphon offers products for use in large call centers and for individual use, and that its Call Adviser product is intended to ensure that calls are Do-Not-Call compliant. Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 such that those allegations must be denied.

10. Defendant Keim admits that on December 10, 2000 the United States Patent Office issued U.S. Patent No. 6,130,937 ("the '937 patent"), entitled "System and Process for Automatic Storage, Enforcement and Override of Consumer Do-Not-Call Requests" to Keith Alan Fotta and that a copy of the '937 patent is attached to the Amended Complaint. Defendant Keim denies that the '937 patent was duly and legally issued. Defendant Keim is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 such that those allegations must be denied.

11.     Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 such that those allegations must be denied.

12.     Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 such that those allegations must be denied.

13.     Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 such that those allegations must be denied.

14.     Defendant Keim admits that CCCC has conducted business in Massachusetts, but denies that said business is "regularly" conducted.  Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 such that those allegations must be denied.

15.     Defendant Keim denies that he has infringed upon the '937 Patent.   Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 such that those allegations must be denied.

16.     Admitted.

17.     Defendant Keim admits that on his first day of work for Plaintiff, he was presented with a number of documents he was told he needed to sign as a condition of employment; he was given no opportunity to review the documents with an attorney or modify the terms thereof, however. The Agreement identified by Plaintiff may have been one of the documents presented to Defendant Keim, but he has no specific memory of having signed the Agreement.  Defendant Keim admits that the document attached as Exhibit B to the Complaint appears to have his

signature affixed thereto.

18.     Defendant Keim admits that during the course of his employment with Plaintiff he was exposed to certain information regarding customers and customer activity.  Defendant Keim denies that Plaintiff kept the information listed in paragraph 18 secret or confidential.  Defendant Keim denies the remaining allegations contained in the first two sentences of paragraph 18.  Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 18, such that those allegations must be denied.

19.     Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 19 such that those allegations must be denied.  Defendant Keim admits that the purported Agreement contains the excerpts quoted in paragraph 19, and further states that he will neither admit nor deny the remaining allegations contained in paragraph 19, but rather states that the terms of the Agreement speak for themselves.

20.     Denied.

21.     Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first clause of the first sentence of paragraph 21, such that those allegations must be denied.  Defendant Keim admits that the purported Agreement contains the excerpts quoted in paragraph 21, and further states that he will neither admit nor deny the remaining allegations contained in paragraph 21, but rather states that the terms of the Agreement speak for themselves.

22.     Defendant Keim admits that he had access to certain information of Gryphon but is

without knowledge or information sufficient to form a belief as to what steps were taken by Gryphon, if any, to keep that information confidential or secret, such that Defendant Keim must deny that he had access to confidential information of Gryphon.  Defendant Keim admits that while at Gryphon, he had business contact with some of Gryphon's customers, many of whom he had developed a relationship with while working for a previous employer.  Defendant Keim denies the allegations contained in the second sentence of paragraph 22.  Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 such that those allegations are denied.

23. Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 23 such that those allegations are denied.  Defendant Keim admits that the purported Agreement contains the excerpts quoted in paragraph 23, and further states that he will neither admit nor deny the remaining allegations contained in paragraph 23, but rather states that the terms of the Agreement speak for themselves.

24. Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first clause of the first sentence of paragraph 24 such that those allegations must be denied.  Defendant Keim admits that the purported Agreement contains the excerpts quoted in paragraph 24, and further states that he will neither admit nor deny the remaining allegations contained in paragraph 24, but rather states that the terms of the Agreement speak for themselves.

25. Defendant Keim admits that the purported Agreement contains the excerpts quoted in paragraph 25, and further states that he will neither admit nor deny the remaining allegations

contained in the first sentence of paragraph 25, but rather states that the terms of the Agreement speak for themselves.  Defendant Keim denies the last sentence of paragraph 25.

26.     Defendant Keim admits that the purported Agreement contains the excerpts quoted in paragraph 26, and further states that he will neither admit nor deny the allegations contained in paragraph 26, but rather states that the terms of the Agreement speak for themselves.

27.     Defendant Keim admits that he traveled to Gryphon's Norwood, Massachusetts headquarters on his first day of work for Gryphon.  Defendant Keim denies the remaining allegations contained in the first sentence of paragraph 27.  Defendant Keim admits that the purported Agreement contains the excerpts quoted in paragraph 27, but denies the remaining allegations contained in paragraph 27, and further states that the terms of the Agreement speak for themselves.

28.     Defendant Keim admits that the purported Agreement contains the excerpts quoted in paragraph 28, and further states that he will neither admit nor deny the allegations contained in paragraph 28, but rather states that the terms of the Agreement speak for themselves.

29.     Defendant Keim admits that Gryphon terminated his employment without cause or warning on October 22, 2009.  Defendant Keim further responds by stating that at that time, he was presented with a proposed severance agreement which referenced the Agreement as being attached to the severance agreement; however, no copy of the Agreement was actually attached thereto.  Defendant Keim denies the remaining allegations of paragraph 29.

30.     Defendant Keim admits that he has not sent notice of new employment to Gryphon but denies that by not doing so, he has breached any contractual or other duty owed to Gryphon. Defendant Keim denies that he is an employee of CCCC, or that he has at any time accepted

employment with CCCC or any other employer since Gryphon terminated his employment without cause, although he has been performing services for CCCC as a Director of Sales. Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30 such that those allegations must be denied.

31. Defendant Keim admits that he is marketing products and services for CCCC, including CCCC's SmartBlock system. Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 31, and therefore denies them.

32. Defendant Keim admits that he has been in contact with some customers he contacted while working for previous employers, including Gryphon, but denies the remaining allegations of paragraph 32.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Defendant Keim admits that he did not provide CCCC with a copy of the Agreement. Defendant Keim denies the remaining allegations of paragraph 37.

38. Denied.

39. Defendant Keim admits that Gryphon sent him a letter on February 16, 2010 and admits that a copy of the letter was sent to Michael Kovatch, CEO of CCCC. Defendant Keim admits that a copy of the Agreement was attached to the letter. Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph

39 such that those allegations must be denied.

40. Defendant Keim admits that he is still performing services for CCCC. Defendant Keim denies that he is employed by CCCC. Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 40 such that those allegations must be denied.

41. Denied.

### Responding to allegations contained in
### "COUNT ONE – INFRINGEMENT OF THE '937 PATENT"

42. Defendant Keim hereby incorporates by reference his responses to paragraphs 1 – 41 as though fully set forth herein.

43. Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 such that those allegations must be denied.

44. Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 such that those allegations must be denied.

45. Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 such that those allegations must be denied.

46. Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 such that those allegations must be denied.

47. Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 such that those allegations must be denied.

48. Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 such that those allegations must be denied.

**Responding to allegations contained in**
**"COUNT TWO - BREACH OF CONTRACT"**

49. Defendant Keim hereby incorporates by reference his responses to paragraphs 1 – 48 as though fully set forth herein.

50. Denied.

51. Denied.

52. Denied.

**Responding to allegations contained in "COUNT THREE – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING"**

53. Defendant Keim hereby incorporates by reference his responses to paragraphs 1 – 52 as though fully set forth herein.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

**Responding to allegations contained in**
**"COUNT FOUR – INTERFERENCE WITH CONTRACT"**

58. Defendant Keim hereby incorporates by reference his responses to paragraphs 1 – 57 as though fully set forth herein.

59. Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 such that those allegations must be denied.

60. Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 such that those allegations must be denied.

**Responding to allegations contained in
"COUNT FIVE – DECLARATORY JUDGMENT"**

61. Defendant Keim hereby incorporates by reference his responses to paragraphs 1 – 60 as though fully set forth herein.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

**Responding to allegations contained in
"COUNT SIX – INJUNCTIVE RELIEF"**

67. Defendant Keim hereby incorporates by reference his responses to paragraphs 1 – 66 as though fully set forth herein.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

Defendant Keim denies any allegations of the Amended Complaint not expressly admitted herein.

Defendant Keim denies the prayers for relief contained in subsections (A) through (K) of the *ad damnum* section of the Complaint, denies any and all parts, counts, paragraphs, exhibits, and/or subparts of the Complaint not specifically referred to or admitted herein, denies that Plaintiff is entitled to any amount or relief sued for, and further denies that the Plaintiff is entitled

to recover from Defendant Keim in any amount whatsoever.

## AFFIRMATIVE DEFENSES

Without altering the burden of proof, Defendant Keim asserts the following defenses, which are based upon an investigation that is not complete and prior to the results of any discovery from Gryphon. Defendant Keim's investigation of his defenses is continuing, and Defendant Keim reserves the right to assert all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States and any other defense, at law or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim on which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Agreement is not enforceable because it is overly broad in duration, scope and territory.

### THIRD AFFIRMATIVE DEFENSE

The Agreement is not enforceable because the information Plaintiff seeks to protect is not confidential and does not constitute trade secrets.

### FOURTH AFFIRMATIVE DEFENSE

The Agreement is not enforceable against a Georgia resident, Defendant Keim, or a California corporation, CCCC, since the agreement violates law and is void as against the public policy of those states.

### FIFTH AFFIRMATIVE DEFENSE

The Agreement fails for lack of consideration.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed for improper venue.

### NINTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over Defendant Keim.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of novation.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

WHEREFORE, having fully denied the allegations contained in the Complaint, Defendant Keim prays that the Complaint as to Defendant Keim be dismissed, with prejudice, with all costs cast against Plaintiff.

### COUNTERCLAIM FOR DECLARATORY JUDGMENT

Appearing specially without waiver of his defenses of lack of personal jurisdiction and improper venue, Defendant Keim asserts the following counterclaim against Gryphon:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

## THE PARTIES

2. Defendant Keim is a resident of the State of Georgia.

3. Upon information and belief, CCCC is a corporation organized and existing under the laws of the State of California, with its principal place of business in Santa Rosa, California.

4. Upon information and belief, Gryphon is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Norwood, Massachusetts.

5. This Court has subject matter jurisdiction over the counterclaim pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Gryphon has submitted itself to the jurisdiction and venue of this Court by having filed this action in this Court.

## FACTUAL BACKGROUND

7. Keim began work for Gryphon on September 4, 2008.

8. On that date, Keim traveled to Gryphon's headquarters in Massachusetts, where he was presented with a number of documents he was told he needed to sign as a condition of employment, although he was given no opportunity to review the documents with an attorney or modify the terms thereof.

9. Although Keim does not recall signing an employment agreement on his first date of employment with Gryphon, Gryphon has attached to its Complaint a document with Keim's

signature entitled: "Gryphon Networks Corp. Employee Confidentiality, Inventions and Non-Competition Agreement" (the "Employment Agreement").  A copy of the Employment Agreement is attached to Plaintiff's Complaint as Exhibit "B".

10. Section 5 of the Employment Agreement contains restrictive covenant obligations including a non-competition covenant, a non-solicitation covenant and non-recruitment covenants.

11. The non-competition covenant set forth in Section 5.3 of the Employment Agreement is unreasonable in its duration, territory and scope, and is therefore illegal, unconstitutional, and unenforceable under Georgia law.

12. The non-solicitation covenant set forth in Section 5.3 of the Employment Agreement is unreasonable in duration, territory and scope, and is therefore illegal, unconstitutional, and unenforceable under Georgia law.

13. The non-recruitment covenants set forth in Section 5.3 of the Employment Agreement are unreasonable in duration, territory and scope, and are therefore illegal, unconstitutional, and unenforceable under Georgia law.

14. Section 3.2 of the Employment Agreement contains a non-disclosure provision.

15. The non-disclosure provision set forth in Section 3.2 of the Employment Agreement is unreasonably overbroad in the scope of information that it purports to protect and is therefore unenforceable under Georgia law.

16. Although the Agreement calls for the application of Massachusetts law, to the extent this Court determines that these restrictions are enforceable under Massachusetts law, application of that law would be contrary to the public policy of the State of Georgia if enforced

against Keim, a Georgia resident.

17. Because Keim is a Georgia resident and the majority (if not all) of Keim's professional activities will be outside of the State of Massachusetts, Georgia has a materially greater interest than Massachusetts in the determination of the enforceability of the Employment Agreement.

18. In the absence of the forum selection clause contained in the Employment Agreement, Georgia law would govern the parties' dispute.

## COUNT I – DECLARATORY JUDGMENT

19. The allegations of paragraphs 1 through 18 of this Counterclaim are incorporated by reference as though set forth in full herein.

20. An actual and substantial controversy exists between the parties with respect to the facial invalidity and enforceability of the Employment Agreement against Keim, a resident of the State of Georgia, which has a fundamental policy against the enforcement of restrictive covenants that are not reasonably limited in duration, scope and territory, and which has a materially greater interest in the outcome of this litigation than the State of Massachusetts.

21. Keim is entitled to a judgment determining that the Employment Agreement is invalid and/or unenforceable against Keim.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaim Plaintiff Keim prays that this Court:

a. Declare that the Employee Confidentiality, Inventions, and Non-Competition Agreement is invalid and/or unenforceable against Keim; and

b. Enter judgment for Keim on all counts against him and award Keim such other

and further relief to which he is entitled, in law or equity, as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Defendant Keim demands a trial by jury on all issues presented herein.

Respectfully submitted,

DAVID KEIM

By his attorneys:

___/s/ Christopher M. Morrison_____
Karen A. Whitley (BBO# 564742)
Christopher M. Morrison (BBO# 651335)
HANIFY & KING, Professional Corporation
One Beacon St., 21st floor
Boston, Massachusetts 02108
(617) 423-0400
kaw@hanify.com; cmm@hanify.com

Thomas T. Tate (pro hac vice)
Elizabeth Clack-Freeman (pro hac vice)
ANDERSEN, TATE & CARR, P.C.
1960 Satellite Blvd, Suite 4000
Duluth, Georgia 30097
(770) 822-0900
ttate@atclawfirm.com;
lcfreeman@atclawfirm.com

Dated:  March 17, 2010

<u>Certificate of Service</u>

  I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants on March 17, 2010.

           <u>/s/ Christopher M. Morrison</u>
           Christopher M. Morrison

1234406_1.DOC
557529