UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GRYPHON NETWORKS CORP., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-cv-10258 MBB |
| | ) | |
| v. | ) | |
| | ) | |
| CONTACT CENTER COMPLIANCE | ) | |
| CORP., MICHAEL KOVATCH and | ) | |
| DAVID KEIM, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ANSWER OF DAVID KEIM AND COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant David Keim ("Keim" or "Defendant Keim"), by and through his undersigned counsel, answers the Second Amended Complaint filed by the Plaintiff Gryphon Networks Corp. ("Plaintiff" or "Gryphon") as follows:

## THE PARTIES

1.      Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 1 such that those allegations must be denied.

2.      Defendant Keim admits that Defendant Contact Center Complaince Corp.'s ("CCCC") principal place of business is located in Santa Rosa, California, but is without

1

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in ¶ 2 such that those allegations must be denied.

3.      The allegations of ¶ 3 are directed to a party other than Defendant Keim, and a

response by Defendant Keim is not required.  To the extent a response is required, the allegation

is denied.

## JURISDICTION AND VENUE

4.      Admitted.

5.      Defendant Keim is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 5 such that those allegations must be denied.

6.      Defendant Keim is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 6 such that those allegations must be denied.

7.      Denied.

8.      Defendant Keim admits that there is an agreement attached to the Complaint and

titled "Employee Confidentiality, Inventions, and Non-Competition Agreement" that contains

the excerpts quoted in ¶ 8 of the Amended Complaint. Defendant Keim further responds by

neither admitting nor denying the remaining allegations contained in ¶ 8, but rather states that the

language of the attached agreement speaks for itself.

## FACTUAL BACKGROUND

9.      Admitted.

10.     Defendant Keim admits that Gryphon offers products for use in large call centers

and for individual use, and that its Call Adviser product is intended to ensure that calls are Do-

Not-Call compliant. Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 10 such that those allegations must be denied.

11.    Defendant Keim admits that on December 10, 2000 the United States Patent Office issued U.S. Patent No. 6,130,937 ("the '937 patent"), entitled "System and Process for Automatic Storage, Enforcement and override of consumer Do-Not-Call Requests" to Keith Alan Fotta and that a copy of the '937 patent is attached to the Amended Complaint. Defendant Keim denies that the '937 patent is attached to the Amended Complaint. Defendant Keim denies that the '937 patent was duly and legally issued. Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 11 such that those allegations must be denied.

12.    Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 12 such that those allegations must be denied.

13.    Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 13 such that those allegations must be denied.

14.    The allegations of ¶ 14 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegation is denied.

15.    Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 15 such that those allegations must be denied.

16.    Defendant Keim admits that CCCC has conducted business in Massachusetts, but denies that said business is "regularly" conducted. Defendant Keim is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in ¶ 16 such that those allegations must be denied.

17.     The allegations of ¶17 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegation is denied.

18.     Admitted.

19.     Defendant Keim admits that on his first day of work for Plaintiff, he was presented with a number of documents he was told he needed to sign as a condition of employment; he was given no opportunity to review the documents with an attorney or modify the terms thereof, however. The Agreement identified by Plaintiff may have been one of the documents presented to Defendant Keim, but he has no specific memory of having signed the Agreement. Defendant Keim admits that the document attached as Exhibit B to the Complaint appears to have his signature affixed thereto.

20.     Defendant Keim admits that during the course of his employment with Plaintiff he was exposed to certain information regarding customers and customer activity. Defendant Keim denies that Plaintiff kept the information listed in ¶ 20 secret or confidential. Defendant Keim denies the remaining allegations contained in the first two sentences of ¶ 20. Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 20 such that those allegations must be denied.

21.     Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 21 such that those allegations must be denied. Defendant Keim admits that the purported Agreement contains the excerpts quoted in ¶ 21, and

further states that he will neither admit nor deny the remaining allegations contained in ¶ 21, but rather states that the terms of the Agreement speak for themselves.

22.     Denied.

23.     Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first clause of the first sentence of ¶ 23, such that those allegations must be denied. Defendant Keim admits that the purported Agreement contains the excerpts quoted in ¶ 23, and further states that he will neither admit nor deny the remaining allegations contained in ¶ 23, but rather states that the terms of the Agreement speak for themselves.

24.     Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first clause of the first sentence of ¶ 24, such that those allegations must be denied. Defendant Keim admits that the purported Agreement contains the excerpts quoted in ¶ 24, and further states that he will neither admit nor deny the remaining allegations contained in ¶ 24, but rather states that the terms of the Agreement speak for themselves.

25.     Defendant Keim admits that he had access to certain information of Gryphon but is without knowledge or information sufficient to form a belief as to what steps were taken by Gryphon, if any, to keep that information confidential or secret, such that Defendant Keim must deny that he had access to confidential information of Gryphon. Defendant Keim admits that while at Gryphon, he had business contact with some of Gryphon's customers, many of whom he had developed a relationship with while working for a previous employer. Defendant Keim denies the allegations contained in the second sentence of ¶ 25. Defendant Keim is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 25 such that those allegations must be denied.

26.     Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of ¶ 23 such that those allegations must be denied. Defendant Keim admits that the purported Agreement contains the excerpts quoted in ¶ 26, and further states that he will neither admit nor deny the remaining allegations contained in ¶ 26, but rather states that the terms of the Agreement speak for themselves.

27.     Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first clause of the first sentence of ¶ 27 such that those allegations must be denied. Defendant Keim admits that the purported Agreement contains the excerpts quoted in ¶ 27, and further states that he will neither admit nor deny the remaining allegations contained in ¶ 27, but rather states that the terms of the Agreement speak for themselves.

28.     Defendant Keim admits that the purported Agreement contains the excerpts quoted in ¶ 28, and further states that he will neither admit nor deny the remaining allegations contained in ¶ 28, but rather states that the terms of the Agreement speak for themselves. Defendant Keim denies the last sentence of ¶ 28.

29.     Defendant Keim admits that the purported Agreement contains the excerpts quoted in ¶ 29, and further states that he will neither admit nor deny the remaining allegations contained in ¶ 29, but rather states that the terms of the Agreement speak for themselves.

30.     Defendant Keim admits that he traveled to Gryphon's Norwood, Massachusetts headquarters on his first day of work for Gryphon. Defendant Keim denies the remaining

allegations contained in the first sentence of ¶ 30. Defendant Keim admits that the purported

Agreement contains the excerpts quoted in ¶ 30, but denies the remaining allegations contained

in ¶ 30.

31.     Defendant Keim admits that the purported Agreement contains the excerpts

quoted in ¶ 31, and further states that he will neither admit nor deny the remaining allegations

contained in ¶ 31, but rather states that the terms of the Agreement speak for themselves.

32.     Defendant Keim admits that the purported Agreement contains the excerpts

quoted in ¶ 32, and further states that he will neither admit nor deny the allegations contained in

¶ 32, but rather states that the terms of the Agreement speak for themselves.

33.     Defendant Keim is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 33 such that those allegations must be denied.

34.     Denied.

35.     Defendant Keim admits that he has not sent notice of new employment to

Gryphon but denies that by not doing so, he has breached any contractual or other duty owed to

Gryphon.  Defendant Keim denies that he is an employee of CCCC, or that he has at any time

accepted employment with CCCC or any other employer since Gryphon terminated his

employment without cause, although he has been performing services for CCCC as a Director of

Sales.  Defendant Keim is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations contained in ¶ 30, such that those allegations must be denied.

36.     Defendant Keim is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 36 such that those allegations must be denied.

37.     Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 33 such that those allegations must be denied.

38.     To the extent that the allegations of ¶ 38 are directed to a party other than Defendant Keim, a response by Defendant Keim is not required.  To the extent a response is required, Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 38 such that those allegations must be denied.

39.     To the extent that the allegations of ¶ 39 are directed to a party other than Defendant Keim, a response by Defendant Keim is not required.  To the extent a response is required, Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 39 such that those allegations must be denied.

40.     To the extent that the allegations of ¶ 40 are directed to a party other than Defendant Keim, a response by Defendant Keim is not required.  To the extent a response is required, Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 40 such that those allegations must be denied.

41.      The allegations of ¶ 41 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegation is denied.

42.     Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 42 such that those allegations must be denied.

43.     The allegations of ¶ 43 are directed to a party other than CCCC, and a response by CCCC is not required.  To the extent a response is required, the allegation is denied.

44.     Denied.

45.     The allegations of ¶ 45 are directed to a party other than CCCC, and a response by CCCC is not required.  To the extent a response is required, the allegation is denied.

46.     The allegations of ¶ 46 are directed to a party other than CCCC, and a response by CCCC is not required.  To the extent a response is required, the allegation is denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Defendant Keim admits that he performed services for CCCC as a Director of Sales.  Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶ 50, and denies them.

51.     Defendant Keim admits that he has been in contact with some customers he contacted while working for previous employers, including Gryphon, but denies the remaining allegations of ¶ 51.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Defendant Keim admits that he did not provide CCCC with a copy of the Agreement.  Defendant Keim denies the remaining allegations of ¶ 57.

58.     Denied.

59.     Defendant Keim admits that Gryphon sent him a letter on February 16, 2010 and admits that a copy of the letter was sent to Michael Kovatch, CEO of CCCC.  Defendant Keim

admits that a copy of the Agreement was attached to the letter.  Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶ 59, and denies them.

60.    Admitted.

61.    Denied.

## COUNT ONE-INFRINGEMENT OF THE '937 PATENT
## (Against CCCC)

62.    Defendant Keim incorporates its responses to paragraphs 1 through 61 as though fully set forth herein.

63.    The allegations of ¶ 63 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

64.    The allegations of ¶ 64 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

65.    The allegations of ¶ 65 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

66.    The allegations of ¶ 66 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

67.    The allegations of ¶ 67 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

68.    The allegations of ¶ 68 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

## COUNT TWO-BREACH OF CONTRACT

### (Against Keim)

69.    Defendant Keim incorporates its responses to paragraphs 1 through 68 as though fully set forth herein.

70.    Denied.

71.    Denied.

72.    Denied.

## COUNT THREE-BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### (Against Keim)

73.    Defendant Keim incorporates its responses to paragraphs 1 through 72 as though fully set forth herein.

74.    Denied.

75.    Denied.

76.    Denied.

## COUNT FOUR-MISAPPROPRIATION OF CONFIDENTIAL INFORMATION

### (Against All Defendants)

77.    Defendant Keim incorporates its responses to paragraphs 1 through 77 as though fully set forth herein.

78.     To the extent the allegations of ¶ 78 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

79.     The to the extent the allegations of ¶ 79 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

80.     To the extent the allegations of ¶ 80 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

## COUNT FIVE-TAKING OF TRADE SECRETS

### (M.G.L. c.93 §§ 42, 42A)

### (Against Keim)

81.     Defendant Keim incorporates its responses to paragraphs 1 through 80 as though fully set forth herein.

82.     Denied.

83.     Denied.

84.     Denied.

## COUNT SIX-TAKING OF TRADE SECRETS

### (M.G.L. c.93 §§ 42, 42A)

### (Against CCCC and Kovatch)

85.     Defendant Keim incorporates its responses to paragraphs 1 through 84 as though fully set forth herein.

86.     The allegations of ¶ 86 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

87.     The allegations of ¶ 87 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

## COUNT SEVEN-CONVERSION

### (Against All Defendants)

88.     Defendant Keim incorporates its responses to paragraphs 1 through 87 as though fully set forth herein.

89.     To the extent the allegations of ¶ 89 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

90.     To the extent the allegations of ¶ 90 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

## COUNT EIGHT-INTERFERENCE WITH CONTRACT

### (Against All Defendants)

91.     Defendant Keim incorporates its responses to paragraphs 1 through 90 as though fully set forth herein.

92.     To the extent the allegations of ¶ 92 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

93.     To the extent the allegations of ¶ 93 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

## COUNT NINE-INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONS
### (Against All Defendants)

94.     Defendant incorporates its responses to paragraphs 1 through 93 as though fully set forth herein.

95.     To the extent the allegations of ¶ 95 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

96.     To the extent the allegations of ¶ 96 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

97.     To the extent the allegations of ¶ 97 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

98.     To the extent the allegations of ¶ 98 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

99.      To the extent the allegations of ¶ 99 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

100.    To the extent the allegations of ¶ 100 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

## COUNT TEN-UNFAIR COMPETITION

### (Against All Defendants)

101.    Defendant Keim incorporates its responses to paragraphs 1 through 100 as though fully set forth herein.

102.    To the extent the allegations of ¶ 93 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

103.    To the extent the allegations of ¶ 103 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.  Defendant Keim is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶ 103, and therefore denies them.

104.    To the extent the allegations of ¶ 104 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

105.    To the extent the allegations of ¶ 105 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

106.    To the extent the allegations of ¶ 106 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

107.    To the extent the allegations of ¶ 107 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

## COUNT ELEVEN-UNFAIR AND DECEPTIVE TRADE PRACTIVES

### (M.G.L. c.93A, §11)

### (Against CCCC)

108.    Defendant Keim incorporates its responses to paragraphs 1 through 107 as though fully set forth herein.

109.    The allegations of ¶ 109 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

110.     The allegations of ¶ 110 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

111.    The allegations of ¶ 111 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

112.    The allegations of ¶ 112 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

113.    The allegations of ¶ 113 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

114.     The allegations of ¶ 114 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

## COUNT TWELVE-COMPUTER FRAUD AND ABUSE ACT

### (18 U.S.C. §1030)

### (Against Keim)

115.     Defendant Keim incorporates its responses to paragraphs 1 through 114 as though fully set forth herein.

116.     Denied.

117.     Denied.

118.     Denied.

119.     Denied.

## COUNT THIRTEEN-DECLARATORY JUDGMENT

### (Against CCC and Keim)

120.     Defendant Keim incorporates its responses to paragraphs 1 through 119 as though fully set forth herein.

121.     To the extent the allegations of ¶ 121 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

122.     To the extent the allegations of ¶ 122 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

123.     To the extent the allegations of ¶ 123 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

124.     To the extent the allegations of ¶ 124 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

125.     To the extent the allegations of ¶ 125 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

## COUNT FOURTEEN-INJUNCTIVE RELIEF

### (Against All Defendants)

126.     Defendant Keim incorporates its responses to paragraphs 1 through 125 as though fully set forth herein.

127.     To the extent the allegations of ¶ 127 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

128.      To the extent the allegations of ¶ 128 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

129.     To the extent the allegations of ¶ 129 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

130.    To the extent the allegations of ¶ 130 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

131.    To the extent the allegations of ¶ 131 are directed to a party other than Defendant Keim, and a response by Defendant Keim is not required.  To the extent a response is required, the allegations are denied.

## PRAYER FOR RELIEF

Defendant Keim denies that Gryphon is entitled to any of the relief sought in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

Without altering the burden of proof, the defendant asserts the following defenses, which are based upon an investigation that is not complete and prior to the results of any discovery from Gryphon.  Defendant Keim's investigation of its defenses is continuing, and the defendant reserves the right to assert all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States and any other defense, at law or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

## FIRST AFFIRMATIVE DEFENSE

## (Patent Invalidity)

Upon information and belief, the '937 patent is invalid because it fails to meet the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

The Agreement is not enforceable because it is unduly broad in duration, scope, and territory.

## FOURTH AFFIRMATIVE DEFENSE

The Agreement is not enforceable because the information Plaintiff seeks to protect is not confidential and does not constitute trade secrets.

## FIFTH AFFIRMATIVE DEFENSE

The Agreement is not enforceable against Keim, a Georgia resident, or CCCC, a California corporation, because the Agreement violates the law and public policy of those states.

## SIXTH AFFIRMATIVE DEFENSE

The Agreement fails for lack of consideration.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed for improper venue.

## NINTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over the Defendant.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff's Claims are barred by the doctrine of novation.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's Claims arising out of the Agreement must be severed from the remaining claims because they do not arise out of the same transaction or occurrence and common questions of law and fact do not exist.

## TWELVTH AFFIRMATIVE DEFENSE

The Plaintiff's Claims are barred by the doctrine of unclean hands.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

Appearing specially without waiver of his defenses of lack of personal jurisdiction and improper venue, Defendant Keim asserts the following counterclaim against Gryphon:

## NATURE OF ACTION

1.      This is an action for declaratory judgment arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

## THE PARTIES

2.      Defendant Keim is a resident of the State of Georgia.

3.      Upon information and belief, CCCC is a corporation organized and existing under the laws of the State of California, with its principal place of business in Santa Rosa, California.

4.      Upon information and belief, Gryphon is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Norwood, Massachusetts.

5.      This Court has subject matter jurisdiction over the counterclaim pursuant to 28 U.S.C. §§ 2201 and 2202.

6.      Gryphon has submitted itself to the jurisdiction and venue of this Court by having filed this action in this Court.

## FACTUAL BACKGROUND

7.      Keim began work for Gryphon on September 4, 2008.

8.      On that date, Keim traveled to Grypon headquarters in Massachusetts, where he was presented with a number of documents he was told he needed to sign as a condition of

employment, although he was given no opportunity to review the documents with an attorney or modify the terms thereof.

9.     Although Keim does not recall signing an employment agreement on his first date of employment with Gryphon, Gryphon has attached to its Complaint a document with Keim's signature entitled: "Gryphon Networks Corp. Employee Confidentiality, Inventions and Non Competition Agreement" (the "Employment Agreement").  A copy of the Employment Agreement is attached to Plaintiff's Complaint as Exhibit "B".

10.     Section 5 of the Employment Agreement contains restrictive covenant obligations including a non-competition covenant, a non-solicitation covenant and non-recruitment covenants.

11.     The non-competition covenant set forth in Section 5.3 of the Employment Agreement is unreasonable in its duration, territory and scope, and is therefore illegal, unconstitutional, and unenforceable under California and/or Georgia law.

12.     The non-solicitation covenant set forth in Section 5.3 of the Employment Agreement is unreasonable in duration, territory and scope, and is therefore illegal, unconstitutional, and unenforceable under California and/or Georgia law.

13.     The non-recruitment covenants set forth in Section 5.3 of the Employment Agreement is unreasonable in duration, territory and scope, and therefore illegal, unconstitutional, and unenforceable under California and/or Georgia law.

14.     Section 3.2 of the Employment Agreement contains a non-disclosure provision.

15.     The non-disclosure provision set forth in Section 3.2 of the Employment Agreement is unreasonably overbroad in the scope of information that it purports to protect and is therefore unenforceable under California and/or Georgia Law.

16.     Although the Agreement calls for the application of Massachusetts law, to the extent this court determines that these restrictions are enforceable under Massachusetts law, application of that law would be contrary to the public policy of the state of Georgia if enforced against Keim, a Georgia resident.

17.     Because Keim is a Georgia resident and the majority (if not all) of Keim's professional activities will be outside of the State of Massachusetts, Georgia has a materially greater interest than Massachusetts in the determination of the enforceability of the Employment Agreement

18.     In the absence of the forum selection clause contained in the Employment Agreement, California and/or Georgia law would govern the parties' dispute.

## COUNT I – DECLARATORY JUDGMENT

19.     The allegations of paragraphs 1 through 18 in this counterclaim are incorporated by reference as though set forth in full herein.

20.     An actual and substantial controversy exists between the parties with respect to the facial invalidity and enforceability of the Employment Agreement against Keim, a resident of the State of Georgia, which has a fundamental policy against the enforcement of restrictive covenants that are not reasonably limited in duration, scope and territory, and which has a materially greater interest in the outcome of this litigation than the State of Massachusetts.

21.     Keim is entitled to a judgment determining that the Employment Agreement is invalid and/or unenforceable against Keim.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaim Plaintiff Keim prays that this Court:

a.     Declare that the Employee Confidentiality, Inventions and Non-Competition

Agreement is invalid and/or unenforceable against Keim; and

       b.       Enter Judgment for Keim on all counts against him and award Keim such other

and further relief to which he is entitled, in law or equity, as this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

       Defendant Keim demands a trial by jury on all issues presented herein.

                 Respectfully submitted,

                 DAVID KEIM

                 By their attorneys:

| | |
|---|---|
|   /s/ Thomas E. Kenney |   /s/ William Green |
| Thomas E. Kenney (BBO # 561590) | William Green*, pro hac vice* |
| Pierce & Mandell, P.C. | (California Bar # 129816) |
| tom@piercemandell.com | bill@dgglaw.com |
| 11 Beacon Street, Suite 800 | 1010 "B" Street, Suite 320 |
| Boston, MA 02108 | San Rafael, CA 94901 |
| Telephone: (617) 720-2444 | Telephone: (415) 442-4646 |
| Facsimile: (617) 720-3693 | Facsimile: (415) 442-4802 |

  /s/ Patrick W. Jordan
Patrick W. Jordan, pro hac vice
(California Bar No. 52115)
pwj@pjordanlaw.com
1010 "B" Street, Suite 320
San Rafael, CA 94901
Telephone:  (415) 459-9865
Facsimile:  (415) 459-9871

<u>Certificate of Service</u>

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants on November 12, 2010.

/s/ William Green
William Green